**UNITED STATES of America, Appellee**

v.

**Jose DIPLAN, Appellant**

**No. 00–3084.**

United States Court of Appeals,
District of Columbia Circuit.

Dec. 28, 2001.

Before EDWARDS and RANDOLPH, Circuit Judges, and WILLIAMS, Senior Circuit Judge.

JUDGMENT

PER CURIAM.

This case was considered on the record from the United States District Court for the District of Columbia and on briefs filed by counsel. The court has accorded the arguments full consideration and has determined that the issues presented occasion no need for a published opinion. *See* D.C. CIR. R. 36(b). It is

ORDERED that the conviction of Jose Diplan be affirmed. Diplan offers five grounds for reversal, none of which have merit. His objection to the introduction of two pieces of evidence is rejected because the trial court acted within its considerable discretion in admitting the documents. *See United States v. Williams,* 212 F.3d 1305, 1308 (D.C.Cir.2000). Diplan also claims that he was prejudiced by the introduction of Rule 404(b) evidence against another defendant, but the court's limiting instruction to the jury makes this contention meritless as well. *See United States v. Jackson,* 627 F.2d 1198, 1213 (D.C.Cir. 1980).

The trial court was also within its discretion in refusing to sever Diplan's trial from that of his co-defendants. *See Zafiro v. United States,* 506 U.S. 534, 541, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993); FED. R. CRIM. P. 14. The court was not required to sever Diplan's trial even if, as alleged, the evidence showed that his involvement in the conspiracy was less than that of his co-defendants. *See United States v. Butler,* 822 F.2d 1191, 1194 (D.C.Cir.1987). Also, the court issued limiting instructions to the jury on several occasions informing it that evidence introduced only against one co-defendant could not be attributed to the others. It is presumed that the jury followed these instructions. *See Jackson,* 627 F.2d at 1213.

Diplan's argument that the evidence at trial proved the existence of multiple conspiracies rather than one is groundless. There was sufficient evidence at trial to support the jury's finding that a single conspiracy existed. *See United States v. Childress,* 58 F.3d 693, 693 (D.C.Cir.1995). Diplan's challenge to the sufficiency of the evidence for his conviction is simply a reiteration of all of his complaints that have been rejected individually. They are collectively rejected as well. *See United States v. Lam Kwong–Wah,* 924 F.2d 298, 302 (D.C.Cir.1991). The conviction is affirmed.

The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. *See* D.C. CIR. R. 41(a)(1).